IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN QUIN SPANN, AIS #251840, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:19-CV-706-WKW [WO] |
| DRANARRIS LOVEJOY, *et al.*, | ) ) | |
| Respondent. | ) | |

**<u>ORDER APPOINTING TRIAL COUNSEL FOR PLAINTIFF</u>**

Proceeding *pro se* under 42 U.S.C. § 1983, Plaintiff alleges that, while incarcerated at Donaldson Correctional Facility in Bessemer, Alabama, Defendants violated his Eighth Amendment rights to be free from the use of excessive force. In an order entered this date, Defendants' motion for summary judgment was granted in part and denied in part. (Doc. # 35.) Because there is no jury demand, this court will proceed directly to a bench trial and will appoint counsel for Plaintiff.

The district court has broad discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent plaintiff "if doing so would advance the proper administration of justice" and "exceptional circumstances" warrant the appointment. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (accord). Factors that bear on whether there are exceptional circumstances include "(1) the type and complexity of the case;

(2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer*, 691 F.2d at 213 (internal citations omitted); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Ulmer* with approval). Additional considerations are "whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer*, 691 F.2d at 213.

After careful consideration of the legal, factual, and procedural issues in light of the foregoing factors, the court finds that the appointment of counsel at this stage of the proceedings will promote "the proper administration of justice." *Id.* The evidence in support of Plaintiff's claim for damages is not frivolous but will consist, it appears, largely of conflicting witness testimony. The appointment of counsel will provide Plaintiff with the expertise needed for the effective presentation of evidence and the cross-examination of witnesses. It also will aid the court in assessing the truth of the witnesses' testimony. Moreover, counsel will be able to streamline the issues, which will necessarily promote judicial efficiency.

Accordingly, it is ORDERED that Clay M. Phillips, Esq,, of the Clay Phillips Law Firm is appointed to represent Plaintiff in this action.  Within ten days of the date of this Order, Mr. Phillips shall file a Notice of Appearance.  The Clerk of the Court is DIRECTED to provide a copy of this order to Mr. Phillips at the electronic address on file.  Mr. Phillips shall enter his appearance on the record on or before **May 31, 2022**.

It is further ORDERED as follows:

(1)   Mr. Phillips is DIRECTED to meet and confer with Plaintiff and separately with opposing counsel, and, thereafter, **on or before July 12, 2022**, the parties shall file a Report of Planning Meeting that includes the following information:

    (a)   Whether any additional discovery is needed and, if so, what type of discovery;

    (b)   Whether the parties request mediation;

    (c)   Proposed pretrial hearing and trial dates;

    (d)   Proposed dates for filing motions *in limine*, witness lists, exhibit lists, and deposition designations (if any).

Finally, the parties are placed on notice that, although the parties have waived a jury trial as of right based on their failure to make a timely demand, the court is considering empaneling an advisory jury.  *See* Fed. R. Civ. P. 39(c) (permitting the

court to use advisory juries "on motion or on its own" in "an action not triable of right by a jury"); 9 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2335 (3d ed. 2008) (opining that, "[s]ince the use of an advisory jury is of no binding legal significance, and the responsibility for the decision remains with the judge, he or she should be allowed whatever help in reaching the decision he or she thinks desirable" and observing that some courts have held that "holding that an advisory jury can be used when a right to a jury trial has been waived").

DONE this 17th day of May, 2022.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE